# Office of the Chapter 13 Standing Trustee

## Andrew B. Finberg, Chapter 13 Standing Trustee

*Joni L. Gray, Counsel*  
*Jennifer R. Gorchow, Staff Attorney*  
*William H. Clunn, III, Staff Attorney*

*Lu'Shell K. Alexander\**  
*Jennie P. Archer\**  
*Kelleen E. Stanley\**  
*Kimberly A. Talley\**

*\*Certified Bankruptcy Assistant*

April 11, 2025

The Honorable Andrew B. Altenburg, Jr.  
United States Bankruptcy Court  
P.O. Box 2067  
Camden, New Jersey 08102

     **RE:** **Chapter 13 Bankruptcy**  
           **Case No. 24-19133 (ABA)**  
           **Debtor(s) Name: Gerald T. Bernard**

Dear Judge Altenburg:

     Please accept this letter in lieu of a more formal response Debtor's Motion to Allow Debtor to Have Rescheduled 341 Hearing, which is returnable Tuesday, May 6, 2025, at 10:00 a.m.

     Debtor filed for Chapter 13 bankruptcy protection on September 16, 2024.  The §341(a) Meeting of Creditors scheduled for October 17, 2024, could not be conducted due to missing documents.  Debtor was then unable to attend the rescheduled §341(a) Meeting of Creditors on November 14, 2024.  The Trustee recommended dismissal of Debtor's case at the first listing for Confirmation for failure to submit plan payments and failure to attend §341(a) Meeting of Creditors.  An Order Dismissing Case was entered on December 4, 2024.

     Two (2) weeks thereafter, a Motion to Vacate Dismissal Order was filed with the Court stating Debtor delivered $816 to counsel to bring plan payments current and Debtor was ready and willing to appear at the §341(a) hearing.  No opposition to the motion was filed and an Order Vacating Dismissal Order was entered January 14, 2025.  The Court scheduled a Confirmation hearing for February 26, 2025.

     The Confirmation hearing scheduled for February 26, 2025, was adjourned to March 26, 2025, to allow Debtor time to attend a §341(a) Meeting of Creditors.  Counsel appeared at the §341(a) hearing on March 13, 2025; however, advised that Debtor was having technical difficulties and could not connect to the Zoom meeting.  That same date, Debtor filed a Motion to Allow Debtor to Have Rescheduled 341(a) Meeting.

     On March 17, 2025, this office contacted Debtor's counsel as a courtesy and advised that

Cherry Tree Corporate Center  
535 Route 38  
Suite 580  
Cherry Hill, NJ 08002  
(856) 663-5002

Payments Only:

P.O. Box 1978  
Memphis, TN 38101-1978

if Debtor submitted a 341 Adjournment Request to the Trustee, the Trustee would reschedule the §341(a) hearing without the need for a motion. The §341(a) hearing was rescheduled to March 27, 2025, and the Motion to Have Rescheduled 341(a) Meeting was withdrawn on March 20, 2025.

The third Confirmation hearing scheduled for March 26, 2025, was adjourned to April 23, 2025, to allow Debtor time to attend the rescheduled §341(a) hearing. Once again, Debtor failed to appear at the rescheduled §341(a) hearing. Twelve (12) days later, Debtor filed the same identical Motion to Allow Debtor to Have Rescheduled 341 Hearing that was previously filed and withdrawn. Debtor's motion references the technical difficulties experienced on March 13, 2025, and states Debtor will need to travel to Counsel's office to attend the hearing via Zoom. Debtor requests permission to reschedule the §341(a) hearing. The Trustee objects.

Seven (7) months have passed since Debtor filed for Chapter 13 bankruptcy protection. Debtor failed to appear at four (4) scheduled §341(a) Meeting of Creditors. Debtor has submitted 4 out of 7 plan payments (3 of which were submitted as a lump sum to vacate the Order Dismissing Case). No explanation has been given as to why Debtor failed to appear at the §341(a) hearing on March 27, 2025, which the Trustee kindly rescheduled in lieu of requiring a formal Order by the Court.

Debtor's failure to appear at four (4) §341(a) Hearings and failure to submit plan payments is evidence that Debtor is not cooperating with the Chapter 13 Trustee. Accordingly, the Trustee requests Debtor's motion be denied.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

*s/ Joni L Gray*
Joni L. Gray
Counsel for Andrew B. Finberg,
Chapter 13 Standing Trustee

JLG/jpa
cc:   Jeffrey E. Jenkins, Esquire (Via Email and CM/ECF)
      Gerald T. Bernard (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**